**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS MENDIETA-GEORGE, A#246 940 949,** | § | |
| | § | |
| **Petitioner,** | § | **PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241** |
| | § | |
| **vs.** | § | |
| | § | |
| **WARDEN, Karnes County Immigration Processing Center; ET AL.,** | § | **SA-26-CV-04065-FB** |
| | § | |
| **Respondents.** | § | |

**<u>DISMISSAL ORDER</u>**

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) filed by Petitioner Jose Luis Mendieta-George, who challenges his/her detention pending removal by the Bureau of Immigration and Customs Enforcement (ICE). On August 13, 2026, the Court was advised that Petitioner was removed from the United States on July 13, 2026, pursuant to a final order of removal. (ECF No. 7).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal citation omitted). A habeas corpus petition is moot, and a federal court is without jurisdiction to address the merits, where the petitioner seeks release but is released from custody before the case can be heard. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a

case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] -- a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In this case, Petitioner sought solely his/her release from ICE custody. As a result, his/her release renders his/her Section 2241 petition moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (challenge to ICE detention pending removal was moot where petitioner was no longer detained).

Accordingly, Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**. All pending motions, if any, are also **DISMISSED AS MOOT**.

**SIGNED** this 18th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE